**Juan H. QUINTANILLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43157.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Pena, McDonald & Gutierrez, by Laurier B. McDonald, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation granted in a conviction on March

12, 1968 for burglary with punishment assessed at 3 years in the penitentiary.

The state's motion to revoke probation alleged violation of the condition of the appellant's probation that the appellant commit no offense against the laws of this state or any other state or of the United States in that on or about February 16, 1969 the appellant fraudulently took $269.48 in money belonging to the Billups Service Station with intent to deprive the owner thereof from the possession of Erasmo Garcia who was holding possession of it for the Billups Service Station.

Appellant's contention that the court abused its discretion in revoking probation is grounded on his further contention that the testimony during the revocation hearing set out in the record "completely fails to recite any mention that appellant committed the act of theft which is the basis for the revocation" and his conclusion "there is no testimony whatsoever linking him (appellant) to the alleged theft, and in fact the party who admittedly took the money testified in open court that the appellant had nothing whatsoever to do with the theft of the money."

The state's evidence reflects that on the night of February 15, 1969 appellant and two other persons, Ricardo Zamarron (also referred to in the record as Richard "Kayo" Zamarron) and Gilberto Quintanilla were at the Billups Service Station where Erasmo Garcia was employed. While Garcia was outside servicing a customer's automobile, he saw the three near the locked box containing money in excess of $50 belonging to the service station. Zamarron, who had previously suggested to Garcia in the presence of appellant and Gilberto that the money be stolen and divided four ways, had a screwdriver in his hand. Appellant and Gilberto were standing so as to shield Zamarron from the view of the attendant Garcia. Zamarron broke the lock and the three came out, went around to the rest room and disappeared. When Garcia finished attending his customer, he discovered that the lock was broken and the money was missing.

Testifying on behalf of the appellant, Zamarron stated that while the appellant was helping Erasmo Garcia wait on customers, he went inside, opened the money box with a screwdriver, and took around $150 in money. Zamarron testified further that the appellant had nothing to do with the theft and did not share in the money.

After the evidence had been presented, the trial court, in granting the state's motion for revocation of probation, stated that he did not believe Zamarron's testimony that the appellant had nothing to do with the theft.

The evidence was sufficient for the trial court to conclude that the appellant acted as a principal in the theft of the money.

The trial court did not abuse its discretion in revoking the appellant's probation.

The judgment is affirmed.